UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT FITZMORRIS, an Idaho resident,<br><br>Plaintiff,<br><br>v.<br><br>AG MANUFACTURING & TECHNOLOGY, INC., an Iowa for profit corporation,<br><br>Defendant. | Case No. 3:24-cv-00196-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff Scott Fitzmorris's Motion for Attorney Fees (Dkt. 14). Defendant AG Manufacturing & Technology, Inc. ("AMT"), did not respond to the motion. For the reasons below, the Court grants Plaintiff's motion for attorney fees in the amount of $8,063.00.

## I.   BACKGROUND

Fitzmorris filed his Complaint on April 15, 2024, alleging breach of contract and unjust enrichment claims against AMT, because AMT failed to provide Fitzmorris with a functional "Intellidrive" system (the "System") (Dkt. 1). In his Complaint, Fitzmorris argues AMT's breach of their contract caused him to suffer damages and anticipated future damages (*id.* at ¶ 4.7). On April 30, Fitzmorris served the Summons and Complaint on AMT's registered agent, Joseph F. Leo (Dkt. 5). AMT failed to timely respond, and the Clerk of the Court filed an entry of default on May 23 (Dkt. 7).

On July 29, 2024, Fitzmorris moved under Rule 55(b)(2) of the Federal Rules of Civil Procedure for a default judgment in the amount of $339,143.77 (Dkt. 8 at 1-2). The Court ultimately granted Fitzmorris's motion (Dkt. 12). Further, the Court directed Fitzmorris to submit a separate motion for fees and costs with the required documentation (*id.* at 9). Fitzmorris responded by timely filing a motion for attorney fees (Dkt. 14). AMT failed to respond to the motion for attorney fees or any other filing in this matter.

## II.   LEGAL STANDARD

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure and District of Idaho Local Civil Rule 54.2, the Court may award costs to the prevailing party. Costs may include, *inter alia*, fees for printing, fees of the clerk, and fees for making copies of any materials obtained for use in the case. 28 U.S.C. § 1920. Under Local Rule 54.2(b), the party claiming right to allowance of attorney fees may file and serve a motion within fourteen days after entry of judgment, unless a court order provides otherwise. *Id.* "Attorney fees will only be allowed upon an order of a judge of the Court after such fact-finding process as the judge orders." Dist. Idaho Loc. Civ. R 54.2(a). The motion "must state the amount claimed and cite the legal authority relied on," as well as an affidavit explaining the dollar amount of the fee allowed. Dist. Idaho Loc. Civ. R. 54.2(b).

Before awarding costs, a court must determine whether the fees are reasonable. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (internal citations omitted). "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Id*. The "lodestar amount" is "calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018).

**MEMORANDUM DECISION AND ORDER - 2**

The court first determines whether the rate and hours charges were "reasonable"—specifically, it examines the "experience, skill and reputation of the attorney requesting fees" in addition to the prevailing market rate. *United States v. Fid. & Deposit Co. of Maryland*, 2022 WL 17128626, Case No. 2:19-cv-00293-RCT, at *1 (D. Idaho 2022) (quoting *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996)); *see Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The court then calculates the reasonable attorney fees by multiplying the hourly rate and expended hours. *Id.*

After reaching a calculation, "the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure" according to a series of factors "not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997) (internal citations omitted). These factors include "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.* at 363 n.8 (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 (1976)). Notwithstanding these factors, "[t]here is a strong presumption that the lodestar figure represents a reasonable fee." *Id.*

### III.   ANALYSIS

In his motion for costs, Fitzmorris contends he is entitled to attorney fees under Idaho Code § 12-120(3). Section 120(3) provides that in a civil action regarding a "contract relating to the purchase or sale of goods, wares, merchandize, or services," a prevailing party is "allowed a reasonable attorney's fee to be set by the court." Here, Fitzmorris alleges a breach of contract and unjust enrichment claims because of AMT's alleged failure to provide a functional System (Dkt. 1). The Court granted Fitzmorris's motion for default judgment, so he is the prevailing party in this action (Dkt. 12). Accordingly, the Court finds he is allowed a reasonable attorney's fee under his breach of contract and unjust enrichment claims.

Fitzmorris submits an affidavit to explain why he is entitled to recover $8,036.00 in reasonable attorney fees for prevailing in this lawsuit (Dkt. 14-1). Fitzmorris's counsel attests he has approximately sixteen years of legal experience, which "primarily focused on the practice of civil litigation" (*id.* at 2). Fitzmorris's counsel had an hourly rate of $300 per hour from October 31, 2023, to the time of the instant motion (*id.* at 2). His legal assistant's hourly rate from October 31, 2023, through December 2023 was $90.00 per hour; from January 1, 2024, through December 31, 2024, it was $100.00; and from January 2025 to the time of the instant motion, it was $110.00 (*id.*). Fitzmorris's counsel explains that these hourly rates were "equal to or less than the prevailing rate to obtain this type of work by a legal team of comparable quality, under comparable circumstances of amount in controversy, publicity, secondary consequences, and timing" (*id.* at 2-3). Fitzmorris's counsel recorded 24.70 hours of work on this matter, of which 24.5 hours was billed time, and his legal assistant recorded 8 hours of work, of which 7.1 hours was billed time (*id.* at 4-8). Counsel explains the "novelty and difficulty of the questions in this

case and skill required" were "average," and the "amount charged was reasonable in light of the work required and the results obtained" (*id.* at 3).

Based upon the affidavit provided by Fitzmorris's counsel, the Court concludes that the attorney and legal assistant rates charged by Fitzmorris's counsel were reasonable based on the "experience, skill and reputation of the attorney requesting fees" and the prevailing market rate in Idaho. *See Fid. & Deposit Co. of Maryland*, 2022 WL 17128626 at *1. Likewise, the Court concludes the time recorded and billed was reasonable considering the skill and time required for managing this case. Upon multiplying the rates by the hours charged, the Court calculates the following:

|  | Hours Billed | Rate | Amount |
| --- | --- | --- | --- |
| Samuel T. Creason (2023-Present) | 24.5 | $300 | $7,350 |
| Debbie Olson (2023) | .3 | $90 | $27 |
| Debbie Olson (2024) | 6.2 | $100 | $620 |
| Debbie Olson (2025) | 0.6 | $110 | $66 |
| **Total** |  |  | **$8,063** |

**MEMORANDUM DECISION AND ORDER - 5**

These calculations show a total amount of attorney fees to be $8,063.00. After reviewing the record of this case, the Court finds nothing justifies a departure from the lodestar figure. Accordingly, the Court will grant the motion for attorney fees in the amount of $8,063.00.

## IV.   ORDER

**IT IS ORDERED that:**

1. Plaintiff Scott Fitzmorris's Motion for Attorney Fees (Dkt. 14) is **GRANTED**. Defendant AG Manufacturing & Technology, Inc. shall pay Plaintiff $8,063.00 in attorney fees.

DATED: June 02, 2025

Amanda K. Brailsford
U.S. District Court Judge